UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN DAVIS,

        Plaintiff,                                   Case No. 1:09-cv-832

vs.                                            Spiegel, J.
                                                    Wehrman, M.J.

CITY OF CINCINNATI,

        Defendant.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS (Doc. 8) BE GRANTED, AND THIS CASE BE CLOSED**

Plaintiff initiated this civil action on November, 13, 2009 by filing a *pro se* complaint pursuant to 42 U.S.C. §§ 1981 and 1983 against Defendant City of Cincinnati (Docs. 1, 3). Plaintiff's complaint alleges violations of the First Amendment and Fourteenth Amendments arising out of a parking ticket he received September 8, 2009, and Defendant's alleged selective enforcement of the Cincinnati Municipal Code.

This civil action is now before the Court on Defendant's motion to dismiss Plaintiff's complaint (Doc. 8) and Plaintiff's memorandum *contra* (Doc. 9).

## I. BACKGROUND AND FACTS

On September 8, 2009, Plaintiff, an African-American male, parked his leased taxicab at 427 Walnut Avenue, Cincinnati, Ohio. Plaintiff left his cab and delivered a package to a building located on Main Street. Upon returning to the vehicle, Plaintiff noticed a citation placed on his windshield for unlawful parking in violation of the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Cincinnati Municipal Code.  The ticket was ultimately dismissed on November 13, 2009. (Doc. 8, Ex. 1).

Plaintiff filed the instant action on November 12, 2009.  Plaintiff's complaint asserts three claims for relief.  Plaintiff's first cause of action asserts a claim under the First Amendment to the United States Constitution relating to the ticket Plaintiff received on September 8, 2009, and an alleged breach of a settlement agreement between the City of Cincinnati and the Plaintiff for the settlement of case *Davis v. City of Cincinnati*, 1:00-cv-231 (S.D. Ohio 2001).

Plaintiff's second claim asserts that Defendant violated his constitutional rights under the Equal Protection clause of the Fourteenth Amendment.  Plaintiff maintains that Defendants selectively enforce certain sections of the Municipal Code "against protected minority groups such as Blacks and people of foreign birth. . . ."

Plaintiff's third cause of action, asserts that "Defendant City of Cincinnati has violated rights secured to the Plaintiff by 42 U.S.C. 2000d *et seq.* and 28 CFR 42.101 *et seq.*"

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations.  *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id*. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citations and quotation marks omitted). Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 1950 (citing *Twombly*, 550 U.S. at 556, 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

Additionally, on review of a motion to dismiss for lack of subject matter jurisdiction, the Court must take all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l. Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990). When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269

(6th Cir. 1990).

In reviewing a 12(b)(1) motion, the district court has wide discretion to allow affidavits, documents, and even conduct a limited evidentiary hearing if necessary. *Ohio Nat'l Life Ins. Co.,* 922 F.2d at 325; *Rogers v. Stratton Indus.,* 798 F.2d 913, 916 (6th Cir. 1986); *see also Artis v. Greenspan,* 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing *Land v. Dollar,* 330 U.S. 731, 735 n.4 (1947)). So long as the Court considers matters outside the pleadings only with respect to the issues raised pursuant to Rule 12(b)(1) and relating to lack of subject matter jurisdiction, a motion to dismiss is not converted to one for summary judgment. *Artis,* 223 F. Supp. 2d at 152 n.1.

### III.

Defendant maintains that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff's complaint lacks standing for the asserted claims. Defendant further asserts that Plaintiff's complaint fails to state any claims against the City upon which relief can be granted. Each assertion will be addressed in turn.

    A.    *Plaintiff has not alleged a cognizable injury-in-fact*

In order for a federal court to exercise jurisdiction over a matter, the party seeking relief must have standing to sue. The constitutional requirements for standing emanate from Art. III, § 2, of the U.S. Constitution, which grants federal courts jurisdiction over "cases" and "controversies." In order to have standing, a plaintiff is required to establish three elements.

To satisfy Article III's standing requirements, a plaintiff must show: (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friedman v. Intervet Inc.*, Case No. 3:09-cv-2945, WL 2817257, 6 -7, (N.D.Ohio July 16, 2010); citing *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.,* 528 U.S. 167, 180-81 (2000) (internal citation omitted).

As noted above, Plaintiff's first cause of action appears to arise out of parking ticket he received on September 9, 2009. However, the ticket was dismissed without payment by Plaintiff. Furthermore, Plaintiff has not alleged facts to support any injury with respect to his claims under the Equal Protection Clause and/or Title VI.

Moreover, as noted by Defendant, Plaintiff's allegation that he will be subject to future injury is "no more than speculation." *City of Los Angeles v. Lyons*, 461 U.S.95, 108 (1983); *See also Fieger v. Michigan Supreme Court*, 553 F.3d 955 (6th Cir.2009) (holding that the plaintiff's claim that he was subject to future sanction failed to establish actual harm or the threat of future harm sufficient to confer standing). Thus, the undersigned finds that Plaintiff's complaint does not satisfy the standing requirements outlined in Article III of the Constitution.

Alternatively, even if Plaintiff could establish standing, Defendant asserts that his

claims are moot, and therefore properly dismissed.[2] The undersigned agrees. It has long been settled that a federal court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California* v. U.S. 506 U.S. 9, *12, 113 S.Ct. 447,449 (1992); *citing Mills v. Green,* 159 U.S. 651, 653 (1895).

Accordingly, the undersigned finds that Defendant's motion to dismiss for lack of jurisdiction is well-taken and should be granted.

  B. *Plaintiff's complaint fails to state a claim for relief*

Assuming Plaintiff's complaint meets the standing requirements, Defendant asserts that the complaint does not satisfy the *Twoblby/Iqbal* pleading standards. The undersigned agrees.

    i. *First Amendment Claim*

Plaintiff's complaint appears to assert that Defendant's alleged breach of the settlement agreement in *Davis v. City of Cincinnati*, 1:00-cv-231 (S.D. Ohio 2001) "has caused the deprivation of the Plaintiff's First Amendment rights under the Constitution of

---

[2] In response to Defendant's motion to dismiss, Plaintiff asserts that his claim(s) is not moot because his complaint was filed on November 12, 2009 and his ticket was dismissed on November 13, 2009. Plaintiff's assertion lacks merit. Notably, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. *Demis v. Sniezek,* 558 F.3d 508, 512 (6th Cir. 2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.;* citing *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477 - 78 (1990). If events occur during the pendency of a litigation which render the court unable to grant the requested relief, the case becomes moot and thus falls outside our jurisdiction. *Demi*s, 558 F.3d 512.

the United States preventing the Plaintiff from delivering a package to the Federal Bureau of Investigation [on] September 7, 2009 without penalty from law enforcement." (Doc. 3, p. 10). Plaintiff, however, fails to provide any facts in support of his First Amendment claim.

Presumably, Plaintiff seeks to assert a First Amendment claim based on speech. To establish a *prima facie* First Amendment speech-retaliation claim against government officials under § 1983, a claimant must present sufficient evidence that (1) she "engaged in constitutionally protected speech," (2) the defendants took "adverse action" against her of a sort "that would deter a person of ordinary firmness from continuing to engage in that conduct" and (3) "there is a causal connection" between the speech and the adverse action. *Scarbrough v. Morgan County Bd. of Educ.*, 470 F.3d 250, 255 (6th Cir. 2006).

Here, Plaintiff fails to establish a *prima facie* claim under the First Amendment, because he does not provide any evidence or argument that he engaged in constitutionally protected speech. Thus, Plaintiff's conclusory allegations are insufficient to state a claim for relief under the First Amendment. *See Twombly,* 550 U.S. at 555 (Plaintiff is obligated to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do).

    ii.  *Equal Protection Claim*

Plaintiff's Equal Protection claim is similarly flawed. The complaint generally alleges that Defendants selectively enforce certain sections of the Municipal Code against

protected minority groups such as Blacks and people of foreign birth. However, in order establish claim based on selective enforcement, "it is an absolute requirement that the plaintiff make at least a *prima facie* showing that similarly situated persons outside her category were not prosecuted." *Gardenhire v. Schubert,* 205 F.3d 303, 319 (6th Cir. 2000).

Here, Plaintiff's complaint does not include any specific allegations that he was treated differently from other similarly situated non-protected individuals. Thus, Plaintiff's complaint fails to contain sufficient factual allegations to state an Equal Protection claim "that is plausible on its face." *Iqbal* at 199. Plaintiff's Equal Protection claim fails to state a claim for relief upon which relief may be granted, and is therefore properly dismissed.

        iii.      *Civil Rights Act Claim*

Plaintiff's final cause of action asserts a claim under Title VI of the of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which states:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

*Id.*

Plaintiff's complaint asserts "disparate treatment in enforcement" and alleges that Defendants engage in discrimination by ticketing minority taxicab drives more frequently than non-minority drivers. However, Plaintiff's assertion fails as a matter of law, because

he has not provided any facts establishing intentional discrimination.  *See Alexander v. Choate*, 469 U.S. 287 (1985) ("Title VI itself directly reache[s] only instances of intentional discrimination . . .actions having an unjustifiable disparate impact on minorities [can] be redressed through agency regulations designed to implement the purposes of Title VI").  Thus, the Supreme Court has held that it is beyond dispute that a claim under Title VI requires a plaintiff to allege intentional discrimination.  *Alexander v. Sandoval,* 532 U.S. 275, 280-81 (2001).

     As noted by Defendant, Plaintiff makes only generalized statements and summary legal conclusions regarding the conduct of Cincinnati Police Department Officers, and fails to allege any instances in which enforcement of the Municipal Code by individual police officers was motivated by an intent to discriminate against Plaintiff.  Accordingly, Plaintiff's conclusory allegations are insufficient to state a claim for relief under Title VI.  See *Twombly,* 550 U.S. at 555.

### IV.

     Based on the foregoing, the undersigned finds that Plaintiff's complaint is properly dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Accordingly, **IT IS THEREFORE RECOMMENDED THAT** Defendant's motion to dismiss be **GRANTED** (Doc. 8); and this case **CLOSED**.

Date: <u>August 9, 2010</u>　　　　　　　　　<u>s/ J. Gregory Wehrman</u>
　　　　　　　　　　　　　　　　　　　　　J. Gregory Wehrman
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN DAVIS,

　　　　Plaintiff,　　　　　　　　　　　Case No. 1:09-cv-832

　vs.　　　　　　　　　　　　　　　　　Spiegel, J.
　　　　　　　　　　　　　　　　　　　Wehrman, M.J.

-10-

CITY OF CINCINNATI,

        Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).