UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN DAVIS,           :     NO. 1:09-CV-00832
                      :
     Plaintiff,      :
                      :
           v.        :    **OPINION AND ORDER**
                      :
CITY OF CINCINNATI,   :
                      :
     Defendant.      :


This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 11), Plaintiff's Objection thereto (doc. 13), and Defendant's Response in Opposition to Plaintiff's Objections (doc. 14). For the following reasons, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DISMISSES this matter from the Court's docket.

I.   **Background**

Plaintiff, an African American taxicab driver in the city of Cincinnati, commenced this pro se action on November 12, 2009 (doc. 1). He alleges that the Defendant City has failed to implement some of the changes to the municipal code that it agreed to pursuant to a settlement agreement entered into as a result of a civil case Plaintiff brought against Defendant in 2000 (Id.). As an example, he cites municipal code section 408-29, which requires that taxicab drivers remain in or beside the cab at all times when the cab is "standing upon the public streets," which ordinance he

claims to have violated 2,970 times because he refuses to sleep in his car when the cab is parked outside his home (<u>Id</u>.). Plaintiff further claims that Defendant has failed to incorporate the "fifteen-minute rule," which would allow taxicab drivers to park at meters for fifteen minutes of loading or unloading packages, provided the meter fee is paid (<u>Id</u>.). He thus requests that the settlement be reopened so these issues can be addressed.

In addition, Plaintiff alleges that off-duty Cincinnati police officers who work as security officers for local businesses and provide security and traffic control for local events "create an ongoing and dangerous situation to the public" by preventing taxicabs from discharging their patrons in certain valet-designated areas of downtown Cincinnati and/or harassing or ticketing taxi drivers who attempt to do so (<u>Id</u>.). Plaintiff asserts that this is in violation of section 414-20 of the Cincinnati Municipal Code and that if Defendant "continues to allow their officers to harass, ticket and prevent Public Vehicles from safely discharging customers to these...locations, Plaintiff will be and continue to be damaged" (<u>Id</u>.).

Finally, Plaintiff claims that Defendant engages in "disparate treatment in enforcement," by discriminating against minorities in "the issuance of enforcement citations against taxicab drivers of African American descent and others of foreign birth namely Africans and people of Middle Eastern descent as well

as the entire African American population residing or traveling through the City" (Id.).  To support this claim, Plaintiff contends that Cincinnati police officers "have no trouble issuing citations for 'pedestrian violations' to members of the African American community at all places and times throughout the city, even on dead end streets," while "completely ignor[ing] the same 'pedestrian violations' when committed by intoxicated Caucasians" in certain other parts of the city (Id.).  In addition, Plaintiff asserts that officers employed by Defendant "harass and ticket minority taxicab drivers when the Caucasians run or stagger into the street in stopped traffic to engage an empty cab to take them home" (Id.).

Plaintiff brings three claims for relief (Id.). Specifically, he contends that his First Amendment rights have been violated by Defendant's failure to make the changes to the municipal code that were allegedly agreed to in the 2001 settlement, which failure resulted in Plaintiff being prevented from delivering a package on September 7, 2009, "without penalty from law enforcement," which was a ticket issued and subsequently dismissed (Id.).  In his second and third causes of action, Plaintiff claims that Defendant has deprived him of his rights under the Equal Protection Clause of the Fourteenth Amendment and has violated section 2000d of the Civil Rights Act of 1964 by selectively enforcing certain sections of the municipal code against "protected minority groups such as Blacks and people of

foreign birth" (Id.).  Plaintiff seeks a declaratory judgment that Defendant's actions as described in the complaint violate the Constitution as well as Plaintiff's statutory rights; a permanent injunction against Defendant prohibiting the actions complained of; compensatory damages; and reasonable expenses, costs and attorney's fees (Id.).

Defendant filed a motion to dismiss the complaint on the bases that the Court lacks jurisdiction over the complaint because Plaintiff does not have standing to bring the claims and that the complaint fails to set forth any claims upon which relief can be granted (doc. 8).  The Magistrate Judge agreed with Defendant's position and recommended granting the motion to dismiss (doc. 11). Plaintiff filed objections to the Magistrate Judge's Report and Recommendation (doc. 13), Defendant filed its response thereto (doc. 14), and the matter is ripe for the Court's review.

## II. The Magistrate Judge's Report and Recommendation & the Parties' Responses

As an initial matter, the Magistrate Judge found that Plaintiff lacks standing to make the claims asserted in the complaint (doc. 11).  Specifically, the Magistrate Judge found that, as to Plaintiff's First Amendment claim arising out of the parking ticket issued in September 2009, because the ticket was dismissed without payment by Plaintiff he suffered no injury (Id.). As to the Equal Protection and Civil Rights Act claims, the Magistrate Judge found that Plaintiff alleged no facts supporting

-4-

an injury beyond the bare assertion that he "will be and continue to be damaged" (Id., citing City of Los Angeles v. Lyons, 461 U.S. 95, 108 (1983)).

Even if standing could somehow be established, the Magistrate Judge found that Plaintiff's First Amendment claim is moot because any issues presented by the issuance of the ticket in September 2009 are no longer "live" since the ticket was dismissed during the pendency of this matter (Id., citing Demis v. Sniezek, 558 F.3d 508, 512 (6th Cir. 2009)).  In any event, the Magistrate Judge found that Plaintiff's complaint fails to set forth sufficient factual allegations to create a plausible claim for relief (Id., citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Consequently, the Magistrate Judge recommended that Defendant's Motion to Dismiss be granted and that the case be dismissed from the Court's docket (Id.).

In his objections, Plaintiff contends that the Magistrate Judge failed to acknowledge that Defendant incorporated the "fifteen minute rule" into the municipal code, which, according to Plaintiff confers prevailing party status on him (doc. 13).   In addition, Plaintiff argues that his claims are not moot because he raises issues that are capable of repetition but evading review. Specifically, he contends that he made two trips to defend himself against a ticket that should not have been written in the first

place, which was an injury in fact to him, and, since Defendant has modified the municipal code to incorporate the "fifteen-minute rule" his claim evades review, which, he argues, means it falls within the mootness doctrine exception (<u>Id</u>.). Plaintiff also contends that Defendant's Motion to Dismiss contains "several glaring 'misstatements of facts'" that he believes influenced the Magistrate Judge (<u>Id</u>.). To support this contention, he points to Defendant's statement that the parking ticket was dismissed prior to Plaintiff filing this suit (<u>Id</u>.). Plaintiff notes, however, that he filed his complaint on November 12, 2009, and the ticket was dismissed on November 13, 2009. He urges the Court to not base its decision on false information provided by Defendant (<u>Id</u>.).

With respect to his First Amendment claim, Plaintiff contends that he has a right to deliver packages "without interference from pointless government laws," which he characterizes as "unreasonable interference from government under the First Amendment" (<u>Id</u>.). With respect to his Equal Protection and Civil Rights Act claims, Plaintiff argues that he does have standing because "the appearance of blatant enforcement bias...creates a reluctance to venture into certain areas of the city where these incidents proliferate," which he considers to be a financial injury (<u>Id</u>.). Plaintiff encourages the Court to gather the citations for pedestrian violations over the last two years and compare the race, location and time, which, Plaintiff contends,

will demonstrate a pattern of bias on the part of Defendant (<u>Id</u>.). Finally, Plaintiff notes that Rule 15 of the Federal Rules of Civil Procedure allows for amendment of his complaint to cure any defects contained therein (<u>Id</u>.).

In response, Defendant asserts that Plaintiff's complaint is based either on the dismissed parking ticket or on "generalized and unsupported allegations" about the City's police officers (doc. 14). Because the complaint lacks factual allegations that can plausibly support the causes of action Plaintiff has presented, Defendant argues, the complaint cannot survive a <u>Twombly</u>/<u>Iqbal</u> challenge (<u>Id</u>.).

## III. Discussion

Having reviewed this matter <u>de novo</u>, the Court reaches the same conclusions as the Magistrate Judge and finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. The Court does not take Plaintiff's concerns lightly but does not find his objections to the Magistrate Judge's Report and Recommendation to be persuasive. The Court addresses his objections below.

First, regarding standing, Plaintiff needed to have shown in his complaint that he suffered an injury in fact that is (a)concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of Defendant; and (3) it is likely, as

opposed to merely speculative, that the injury will be redressed by a favorable decision.  See Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000) (internal citation omitted).  Here, the parking ticket that appears to form the sole factual basis for Plaintiff's First Amendment claim was dismissed without payment by Plaintiff, and Plaintiff has not presented any other facts suggesting that he suffered an injury that would be likely to be redressed by a favorable decision by the Court.  With respect to his Equal Protection and Civil Rights Act claims, Plaintiff has offered no facts at all in his complaint showing that he suffered an injury.  Plaintiff's assertions in his objections that he suffered an injury by being forced to travel downtown twice in order to defend himself against the ticket before it was dismissed and that he suffers financial injury because he fears to enter certain parts of town do not cure the deficiencies in the complaint.

Second, regarding the "fifteen-minute rule," the Court is confounded.  On the one hand, Plaintiff's complaint is premised on his assertion that Defendant failed to implement the "fifteen-minute rule" as allegedly agreed upon in 2000.  On the other hand, Plaintiff's objections to the Magistrate Judge's Report is premised on the Magistrate Judge's "fail[ure] to acknowledge" that Defendant actually has implemented that rule.  Plaintiff appears to be suggesting that because the municipal code was changed at some

point to include the fifteen minute rule, which he alleged in his complaint Defendant had failed to do, he should be entitled to prevailing party status.  Quite simply, on this record, he is not so entitled.  Nothing before the Court suggests that the code was altered as a result of Plaintiff's current litigation, let alone that any such success was not "purely technical or de minimis." See Texas State Teachers Ass'n v. Garland Independent School Dist., 489 U.S. 782, 792 (1989).   On the contrary, there is some indication that the "fifteen minute rule" was implemented before Plaintiff even received the ticket, let alone filed this suit, which is why the ticket was issued in error.   In any event, Plaintiff has not demonstrated his entitlement to prevailing party status, and Plaintiff's accusation of "failure" on the part of the Magistrate Judge to acknowledge the fifteen minute rule is both not well-taken and irrelevant.

Plaintiff's objection to the Magistrate Judge's mootness recommendation is, however, well-taken inasmuch as the Magistrate Judge's recommendation does appear to suggest that because Plaintiff's First Amendment claim is moot that somehow renders the whole complaint moot.  Plaintiff's First Amendment claim, based as it appears to be on the erroneously issued ticket, is moot, as the Magistrate Judge noted, because the ticket was resolved without payment by Plaintiff during the pendency of this litigation.  See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990).  However,

that does not render the other claims moot. The Court notes that Plaintiff's concern that the Magistrate Judge made his recommendation on false information provided by Defendant regarding the date he filed this matter and the date the ticket was dismissed is unfounded. The Magistrate Judge clearly and correctly acknowledged the dates and, again correctly, noted that even though the case was filed before the ticket was dismissed, the fact that it was dismissed during the pendency of this action means that any issues presented by the ticket are no longer "live," which renders the claim moot (doc. 11).

Plaintiff's argument that his First Amendment claim falls within the exception to the mootness doctrine because it is capable of repetition yet evading review is not persuasive. He has simply not made a showing that he will likely again be subjected to an erroneous ticket while delivering a package. See, e.g., Alvarez v. Smith, 130 S.Ct. 576, 581 (2009)(finding moot and not within the rare exception cases capable of repetition but evading review a case where nothing suggested that the plaintiffs would "again prove subject to the State's seizure procedures").

In any event, even if Plaintiff could be seen to have standing and his First Amendment claim could be seen to fit within the exception to the mootness doctrine, his complaint fails to withstand the motion to dismiss. With respect to his First Amendment claim, Plaintiff has simply not offered any facts to

support an allegation that his First Amendment rights were violated. In fact, the complaint is so devoid of facts regarding such an allegation that one cannot determine even which rights were allegedly violated. Does Plaintiff contend that the issuance of the ticket in error was a violation of his free speech rights? His right to assemble? In either case, the mere erroneous issuance of a parking ticket simply does not create a plausible inference of constitutional violations, and Plaintiff cites no authority to the contrary. Plaintiff claims that his rights were violated because he was subjected to "pointless government laws." However, the First Amendment simply does not guarantee that individuals will not be subjected to laws they deem pointless. To be sure, defending against a ticket issued in error would be irritating and could come at some cost. Unfortunately for Plaintiff, however, that is not the standard he must meet to survive a motion to dismiss his complaint.

To the extent Plaintiff's First Amendment claim is predicated on the municipal code section 408-29, which requires that taxicab drivers remain in or beside the cab at all times when the cab is "standing upon the public streets," and which Plaintiff claims to have violated 2,970 times because he refuses to sleep in his car when the cab is parked outside his home, the complaint still fails. Plaintiff appears to ask this Court to find that the mere existence of the ordinance violates his First Amendment

-11-

rights, a step this Court will not and cannot take.  Again, to survive a motion to dismiss, Plaintiff's complaint must set forth sufficient facts to allow a plausible claim for relief.  Here, he has simply not alleged any facts, other than the fact that he has violated the ordinance 2,970 times, to support an allegation that the existence of the ordinance violates his rights.  It may be that Defendant agreed years ago to change that ordinance and has failed to do so.  On this record, the Court cannot make that determination.  However, even if that were the case, that would not, alone, suffice to create a First Amendment claim or show that Plaintiff has in any way suffered an injury as a result of the existence of this ordinance.  The Court notes that Plaintiff asks the Court to "reopen" the case from 2000 in order to somehow address these sections of the municipal code.  However, the Court is without power to reopen a case that was dismissed with prejudice nine years ago because the parties negotiated an out-of-court settlement, and Plaintiff has offered no authority to the contrary.

With respect to his claims that Defendant violated rights protected by the Equal Protection Clause and the Civil Rights Act by selectively enforcing certain traffic laws against African Americans and people of foreign birth, Plaintiff has similarly failed to set out sufficient factual allegations to withstand a motion to dismiss.  Plaintiff asserts in extraordinarily sweeping, generalized terms, that Defendant discriminates against the

"taxicab drivers of African American descent and others of foreign birth namely Africans and people of Middle Eastern descent as well as the entire African American population residing or traveling through the City."  Such conclusory statements unsupported by factual allegations do not create a claim that is "plausible on its face," as <u>Twombly</u> and <u>Iqbal</u> require.  <u>See</u> <u>Iqbal</u>, 129 S.Ct. at 1949; <u>Twombly</u>, 550 U.S. at 555.  Even if the Court were to agree that Plaintiff's assertion in his response to the Magistrate Judge's Report, that he has suffered financial injury because of a fear of going into certain parts of the city, confers standing on him, that assertion does nothing to cure the factual deficiencies of the complaint.  To be clear, the Court has no power to, as Plaintiff urges, gather the citations for pedestrian violations over the last two years and compare the race, location and time to ascertain whether a factual pattern of race-based enforcement exists. Plaintiff is, however, free to pursue gathering those citations on his own.  Absent factual allegations that can plausibly lead to an inference that Defendant has engaged in selective enforcement, Plaintiff's Equal Protection claim must be dismissed.

In the Equal Protection context, Plaintiff would, as a starting point, have to have presented factual allegations setting forth a <u>prima</u> <u>facie</u> showing that similarly situated people of a different race were not issued citations or were given favorable treatment denied him.  <u>See</u>, <u>e.g.</u>, <u>Gardenhire v. Schubert</u>, 205 F.3d

-13-

303, 319 (6th Cir. 2000).  He has, instead, presented only conclusory allegations to that effect.  In the Civil Rights Act context, Plaintiff, at a minimum, needed to have presented factual allegations from which a plausible inference could be drawn that Defendant intentionally discriminated against Plaintiff, because disparate impact theories, such as those put forth in Plaintiff's complaint, are not properly pursued under the Civil Rights Act itself.  See, e.g., Alexander v. Sandoval, 532 U.S. 275, 280 (2001)("Title VI itself reach[es] only instances of intentional discrimination").  Even if the Court were to construe Plaintiff's complaint as being an intentional discrimination claim, the complaint does not include any facts to support that allegation. A bare assertion that police officers pass up intoxicated Caucasian pedestrians and ticket minority taxi drivers, without some factual support, simply does not create a sufficient basis from which the Court could plausibly infer intentional discrimination. Consequently, neither Plaintiff's Equal Protection claim nor his Civil Rights claim can withstand Defendant's motion.

Finally, Plaintiff obliquely appears to ask the Court to permit him to amend his complaint rather than dismiss it.  Federal Rule of Civil Procedure 15(a) provides in pertinent part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The

United States Supreme Court has held that motions for leave to amend pleadings should be liberally granted unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing parties. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Moore v. City of Paducah, 790 F.2d 557, 561 (6th Cir. 1986) (quoting Tefft v. Seward, 689 F.2d 637, 639-40 (6th Cir. 1982)). Here, assuming that Plaintiff's statement in his objections to the Magistrate Judge's Report and Recommendation, that Rule 15 of the Federal Rules of Civil Procedure allows for amendment of his complaint to cure any defects contained therein, constitutes a motion to amend, the Court finds that, in this context, amendment would be futile and cause unnecessary delay. Plaintiff has not indicated in his complaint or in his objections what facts he could amend the complaint with and has not offered a proposed amended complaint. The Court assumes that if Plaintiff had facts that would actually support his allegations, he would have presented them in his original complaint. With a complaint so bereft of factual allegations and so replete with conclusory, generalized accusations, and without Plaintiff having filed a proposed amended complaint with a motion to amend setting forth facts supporting his allegations, the Court cannot see how permitting Plaintiff to amend the complaint, without more, would do anything other than delay this matter even further. If Plaintiff wishes to undertake his own investigation to determine

whether he can discover facts that he could, in good faith, present to the Court in a future complaint, he is, of course, free to refile a complaint.

## V.    Conclusion

Plaintiff is proceeding pro se, and, as such, he is entitled to a liberal construction of his pleadings.  Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir. 1999)(citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  However, even construing Plaintiff's allegations in a liberal manner, this Court, having thoroughly reviewed this matter de novo, finds that Plaintiff's claims fail to rise to the requisite level in order to survive Rule 12(b)(6) dismissal.  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 11), GRANTS Defendant's Motion to Dismiss (doc. 8), and DISMISSES this matter from the Court's docket.

SO ORDERED.

Dated: September 14, 2010      /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge

-16-